UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GUYZAR LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>360TRAINING.COM, INC.,<br><br>　　　　　　　　Defendant. | **CIVIL ACTION NO.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Guyzar LLC ("Guyzar" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant 360training,com, Inc. (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Guyzar, from U.S. Patent No. 5,845,070 (the "'070 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff Guyzar is a Texas entity with its principal place of business at 5700 Granite Parkway, Suite 200, Plano. TX 75024.

3. Upon information and belief, Defendant is a corporation organized and

existing under the laws of Texas, with a principal place of business at 6801 N. Capital of Texas Hwy., Suite 150, Austin, TX 78731.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

5. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

6. Upon information and belief, Defendant, directly (including by having its employees internally test and use) and/or through its end-users, uses the Accused Instrumentality, as defined below, with the knowledge and/or understanding that such accused devices will be used in this District. For example, the accused instrumentality is used in this District through Defendant's website. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district, has regularly

conducted business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. On December 1, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '070 patent, entitled "Security System for Internet Provider Transaction" after a full and fair examination.

9. Guyzar includes a true, accurate, correct, and legible copy of the '070 Patent as Exhibit A of this Complaint and incorporates it by reference herein, making it part of the Complaint for all legal, procedural, and/or evidentiary purposes.

10. Guyzar is presently the owner of the patent, having received all right, title and interest in and to the '070 patent from the previous assignee of record. Guyzar possesses all rights of recovery under the '070 patent, including the exclusive right to recover for past infringement.

11. The '070 patent contains three (3) independent claims and ten (10) dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '070 patent.

12. The invention claimed in the '070 patent comprises a method of authenticating a user's confidential information and preserving the confidentiality against unauthorized use, said information being essential for conducting Internet transactions between a log-in and log-out session.

**DEFENDANT'S PRODUCTS**

13. Defendant's website includes features, such as the "Sign In" Feature (the "Accused Instrumentality") shown below, that allow for the authentication of a user's confidential information and for the preservation of the confidentiality of said information against unauthorized use, said information being essential for conducting Internet transactions between a log-in and log-out session. For example, the Accused Instrumentality utilizes the OAuth open standard to provide a method of authenticating a user's confidential information and preserving said confidential information against unauthorized use as recited by at least the preamble of Claim 1 of the '070 Patent. For example, *see* https://web.archive.org/web/20161101051414/http://www.360training.com:80/support shown below.



14. The Accused Instrumentality accesses the Internet by the user entering a first data set, such as third-party log-in credentials, into a computer-based controller to control modems and communication protocols as recited by at least the first element of Claim 1 of the '070 Patent.

15. The Accused Instrumentality utilizes the OAuth standard to establish a database containing confidential information, such as (but not exclusively) a user's address, email, phone number, online profile, etc. subject to authentication with a user's first data set, as recited by at least the second element of Claim 1 of the '070 Patent.

16. The Accused Instrumentality implements the OAuth standard to submit a first data set to a tracking and authentication control module, such as a dedicated "Authorization Server," that requests authentication of the user said tracking and authentication control module including a database containing user's confidential information, such as the database established in an Authorization Server and Resource Server of the Accused Instrumentality, an authentication server for authenticating said first data set, and a certification server, said certification server containing validation data for authenticating and internet entity approved for conducting internet transactions, as recited by at least the third element of Claim 1 of the '070 Patent.

17. The Accused Instrumentality implements the OAuth standard to compare the user's first data set input to the authentication server incident to accessing the internet with the I.D. and password in the data base and subject to a validating match, as recited by at least the fourth element of Claim 1 of the '070 Patent.

18. The Accused Instrumentality implements the OAuth standard in issuing a second data set, such as an Access Token and Authorization Code issued by the OAuth

protocol, responsive to a successful validation of the I.D. and password with data in the database usable for the transaction, as recited by at least the fifth element of Claim 1 of the '070 Patent.

19. The Accused Instrumentality implements the OAuth standard to submit the second data set to the certification server upon initiation of a transaction by the user. For example, Resource Server of the Accused Instrumentality serves its certification purpose and validates the authenticity of the Access Token before allowing Defendant's website to access the user's confidential information upon initiation of a transaction by the user, as recited by at least the sixth element of Claim 1 of the '070 Patent.

20. The Accused Instrumentality implements the OAuth standard in consummating a transaction, such as using user's third-party credentials and profile information on Defendant's website, subject to the validation of the second data set by tying the confidential information in the data base to the user whereby the confidential information is retained undisclosed in the database, as recited by at least the seventh element of Claim 1 of the '070 Patent.

21. The elements described in paragraphs 13-20 are covered by at least claim 1 of the '070 patent. Thus, Defendant's use of the Accused Instrumentality, including the use by Defendant's end-users and employees, is enabled by the process described in the '070 patent.

22. Defendant conditions end-users' use of the Accused Instrumentality upon the end users' and Facebook's performance of the method recited herein. That is, if end-users wish to use the Accused Instrumentality they (in combination with Facebook) must perform the steps recited in, at least, claim 1. This is because by implementing the OAuth

standard the Accused Instrumentality performs each step recited in, at least, claim 1.

23. Defendant establishes the manner or timing of end-users' performance of the claimed method. That is, if end-users do not follow the claimed steps, Defendant's service (i.e., logging in without end-user having to share email/password) will not be available. Thus, the infringement of these third parties is attributable to Defendant.

## INFRINGEMENT OF THE '070 PATENT

24. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 23.

25. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '070 patent.

26. Defendant has had knowledge of infringement of the '070 patent at least as of the service of the present complaint.

27. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '070 patent by using (including by having its employees internally test and use) the Accused Instrumentality which allows end-users to log in and make their respective purchases or access their services, without authority in the United States, during the period in which the '070 Patent was unexpired, causing damages to Plaintiff for that period of time.

28. By engaging in the conduct described herein, Defendant has injured Guyzar and is thus liable for infringement of the '070 patent, pursuant to 35 U.S.C. § 271.

29. Defendant has committed these acts of infringement without license or authorization.

30. As a result of Defendant's infringement of the '070 patent, Guyzar has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

## DEMAND FOR JURY TRIAL

31. Guyzar demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Guyzar prays for the following relief:

a. That Defendant be adjudged to have infringed the '070 patent, directly, literally and/or under the doctrine of equivalents;

b. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Guyzar for the Defendant's past infringement, including compensatory damages;

c. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

d. That Defendant be directed to pay enhanced damages, including Guyzar's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

e. That Guyzar have such other and further relief as this Court may deem just and proper.

By: /s/Jean-Marc Zimmerman
    Jean-Marc Zimmerman (#37451989)
    Zimmerman Law Group
    233 Watchung Fork
    Westfield, New Jersey 07090
    Tel: (908) 768-6408
    Fax: (908) 935-0751
    jmz@zimllp.com
    Attorneys for Plaintiff Guyzar LLC

Dated: October 13, 2017